**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NUMBER 6:17-CR-00084-JDK** |
| **v.** | § | |
| | § | |
| | § | |
| **JUSTIN RAY JONES** | § | |
| | § | |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On March 7, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Justin Ray Jones. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of VI, was 30 to 37 months. On June 12, 2018, U.S. District Judge Ron Clark of the Eastern District of Texas sentenced Defendant to 37 months in prison, followed by 3 years of supervised release, to run consecutively with any future parole revocation in Case Numbers 19277 and 19414, 2nd District Court of Cherokee County, Texas, and Case Number 2410201015, 241st District Court of Smith County, Texas. Defendant's supervised release was subject to the standard conditions of supervised release, plus special conditions to include financial disclosure, prohibition on the use of alcohol, participation in a drug testing and treatment program, participation in a mental health

1

treatment program, and acquiring a high school equivalency certificate. On June 9, 2022, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to participate in a mental health treatment program and to follow the rules and regulations of the program until discharged, including taking any mental health medications prescribed by the treating physician and paying any cost associated with treatment and testing. In its petition, the government alleges that Defendant violated his conditions of supervised release when Defendant failed to report for his psychiatric evaluation on September 15, 2022, and when Defendant failed to report for his mental health counseling sessions on September 6, 2022, September 13, 2022, and September 20, 2022.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release as referenced above, Defendant will have committed a Grade C violation. *See* U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke supervised release or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. *See* U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 12 months and one day, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Justin Ray Jones's plea of true be accepted, and that he be sentenced to a term of imprisonment of 12 months and 1 day, with no supervised release to follow. The court further **RECOMMENDS** substance abuse treatment while

incarcerated, if available, and that Defendant serve his sentence at FCI Seagoville, Texas if available.

Within fourteen (14) days after receipt of the Magistrate Judge's report and recommendation, any party may serve and file written objections to the findings and recommendations contained in the report and recommendation. A party's failure to file written objections to the findings, conclusions and recommendations contained in this report and recommendation within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 7th day of March, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE